UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAREN MCGRATH,

       Plaintiff,

v.                                          Case No. 8:19-cv-01394-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,

       Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of a claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.    Procedural Background**

Plaintiff filed an application for DIB and SSI on August 26, 2016 and October 11, 2016, respectively (Tr. 1035–44, 1045–46). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 875–88, 890–906, 910–30, 931–47). Plaintiff then requested an administrative hearing on February 1, 2017 (Tr. 973–74). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 826–72). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 804–25). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied

(Tr. 1–7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1973, claimed disability beginning January 1, 2010 (Tr. 1045). Plaintiff obtained an eleventh-grade education (Tr. 818, 1662). Plaintiff's past relevant work experience included work as a truck driver and as a fast food worker (Tr. 817–18, 1371, 1662). Plaintiff alleged disability due to depression, anxiety, seizure disorder, chronic abdominal pain secondary to gastritis, and a spine disorder (Tr. 835).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2013, and had not engaged in substantial gainful activity since January 1, 2010, the alleged onset date (Tr. 810). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: depression, anxiety, seizure disorder, chronic abdominal pain secondary to gastritis, and a spine disorder (Tr. 810). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 810). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she cannot climb ladders, ropes or scaffolds, and can have no concentrated exposure to hazards such as unprotected heights, dangerous moving machinery and hot surfaces. She is limited to routine, repetitive tasks, with no fast-paced work (defined as no belt pace, timed work, or work with strict quotas.) She can perform work that does not include contact with the general public as an essential function, but she is capable of occasional

> superficial interaction with the general public should it occur. She can tolerate routine interactions with coworkers and supervisors on shift.

(Tr. 812–13). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 813–16).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform any past relevant work (Tr. 817). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a housekeeper or cleaner, laundry sorter, and a marker (Tr. 818). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 818–19).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305

4

U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### IV.   Analysis

Plaintiff argues that substantial evidence does not support the ALJ's determination of Plaintiff's limitations because the ALJ did not properly evaluate Plaintiff's subjective complaints of abdominal pain (Doc. 26 at 17). Plaintiff also argues that the Appeals Council erred when it found newly submitted evidence to not be relevant (Doc. 26 at 24). For the reasons that follow, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A. Plaintiff's Subjective Complaints of Abdominal Pain

Plaintiff contends that the ALJ's decision did not clearly set forth findings on Plaintiff's credibility, and the ALJ did not properly consider Plaintiff's complaints of abdominal pain and nausea in assessing Plaintiff's RFC (Doc. 26 at 17).

#### 1. The ALJ's Assessment of Plaintiff's Subjective Complaints

Disability can be established through a claimant's testimony of her pain or subjective symptoms. *Taylor v. Acting Comm'r Soc. Sec. Admin*, 761 F. App'x. 966, 968 (11th Cir. 2019). To do so, a claimant must show: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonable expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (*quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *Taylor*, 761 F. App'x. at 968.

Once the ALJ finds a medically determinable impairment that could reasonably cause the alleged symptoms, she must evaluate the intensity and persistence of the symptoms to determine how they limit the claimant's capacity for work. 20 C.F.R. § 404.1529(c). Considerations relevant to this evaluation include: the objective medical evidence; evidence of factors that precipitate or aggravate the claimant's symptoms; medications and treatments available to alleviate these symptoms; the type, dosage, effectiveness, and side effects of such medications and treatments; how the symptoms affect the claimant's daily activities; and the claimant's past work history. *Id*. Additionally, the ALJ will consider any inconsistencies between the medical evidence and

6

the claimant's testimony. 20 C.F.R. § 404.1529(c)(4); Social Security Ruling ("SSR") 16-3p. A claimant's testimony about her subjective symptoms can be discounted by an ALJ, but the ALJ must "clearly articulate explicit and adequate reasons for doing so." *Taylor*, 761 F. App'x. at 968. A clearly articulated credibility finding supported by substantial evidence will not be disturbed on appeal. *See Foote v. Chater*, 67 F.3d 1553, 1566 (11th Cir. 1995).

     Here, contrary to Plaintiff's argument, the ALJ articulated specific inconsistencies between Plaintiff's testimony of abdominal pain, diarrhea, nausea, and vomiting and the medical record which undermined Plaintiff's alleged conditions (Tr. 815). First, the ALJ acknowledged Plaintiff's complaints of severe abdominal pain, but noted that no objective medical evidence showed significant abdominal abnormalities (Tr. 815). In October 2015, an MRI revealed a pancreatic cyst, but was otherwise unremarkable, and an elective inpatient esophagogastroduodenoscopy showed a hiatus hernia and mild-non erosive gastritis (Tr. 1272, 1328). A CT scan in November 2015 showed thickening of the small bowel loops, but a subsequent scan showed no such thickening (Tr. 1331, 1335, 1336). An endoscopy also performed in November 2015 was unrevealing (Tr. 1331). Multiple exams, including biopsies and a CT scan, were unremarkable and showed no evidence of colitis (Tr. 1332, 1350, 1357). Although some doctors noted tenderness upon a gastrointestinal exam, Plaintiff's abdomen was otherwise normal (Tr. 1572, 1568, 1565, 1561–62, 1474, 1483, 1490, 1510, 1461, 1459, 1603, 1527, 1554, 1636, 1651). One provider observed severe pain with mere palpitation of Plaintiff's abdomen, but his report suggested she was embellishing her pain (Tr. 1483). The record has an abundance of

medical tests, examinations, and imaging procedures that reveal no significant abdominal abnormalities. Therefore, substantial evidence supports the ALJ's conclusion that Plaintiff's complaints of severe abdominal pain are inconsistent with the objective medical evidence.

Second, the ALJ discounted Plaintiff's pain complaints based on Plaintiff's regular use of marijuana. The ALJ noted that several medical providers suspected that Plaintiff's use of marijuana could be the cause of her abdominal pain, and they counseled her to stop such use (Tr. 837–38, 1463, 1507–09, 1460, 1508, 1509, 1580, 1598). The record, however, shows that Plaintiff continued smoking marijuana regularly despite knowing that it could be the cause of her abdominal pain (Tr. 813–14, 1460, 1509, 1580, 1598, 1663, 1693–94, 1739). Because an ALJ is required to consider precipitating or aggravating factors and treatments received for relief of pain when assessing Plaintiff's pain complaints, the ALJ properly considered Plaintiff's marijuana use as an inconsistency between her subjective complaints of pain and the medical evidence. *See* 20 C.F.R. § 404.1529(c)(3)(d)(iii), (v).

Third, the ALJ discounted Plaintiff's credibility based on Plaintiff's reported drug-seeking behaviors (Tr. 814). The ALJ acknowledged that during the relevant period Plaintiff presented to the emergency room on various occasions complaining of abdominal pain (Tr. 815). However, the ALJ noted that multiple healthcare providers observed narcotic drug-seeking behavior including excessive reports of tenderness in the abdominal area and other symptoms consistent with narcotic withdrawal (Tr. 814, 1474–75, 1489, 1491, 1496). Particularly, Plaintiff's providers noted that Plaintiff incessantly asked for

narcotic pain medications (Tr. 1475), and that she embellished her pain in an attempt to obtain narcotic drugs. For example, a nurse reported that while waiting to be assessed by a physician Plaintiff show no signs of pain but began "weeping without tears" once the doctor entered the room (Tr. 1496). Reports of drug-seeking behaviors support an inference that a claimant's testimony of pain is less credible. *See Taylor*, 761 F. App'x. at 968 (holding that drug-seeking behavior was a factor in determining that there was substantial evidence supporting discrediting a claimant's testimony); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (holding that an RFC determination was supported by a claimant's "medical history . . . of embellished and magnified pain behaviors and "drug-seeking manipulative tendencies"). Therefore, substantial evidence shows that Plaintiff exhibited drug-seeking tendencies and the ALJ properly discounted Plaintiff's subjective complaints on this basis.

### 2. The ALJ's Assessment of Plaintiff's RFC

Plaintiff's contention that the ALJ did not properly evaluate Plaintiff's complaints of abdominal pain and nausea while determining the RFC is equally unavailing. A plaintiff's RFC is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). To determine Plaintiff's RFC, the ALJ must make an assessment based on all the relevant evidence of record. 20 C.F.R. §§ 404.1545(a)(1). Therefore, in assessing Plaintiff's RFC the ALJ must consider the medical opinions in conjunction with all the other evidence of record and must consider all the medically determinable impairments, including impairments that are not severe. 20 C.F.R. § 404.1520(e); *see Jamison v. Bowen*, 814 F.2d

585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

Substantial evidence supports the ALJ's assessment of Plaintiff's RFC. In determining Plaintiff's RFC, the ALJ acknowledged Plaintiff's "ongoing complaints of abdominal pain," but noted that "examinations only show some epigastric tenderness and [that] there are no objective records of other limitations" (Tr. 817). The ALJ gave great weight to the opinions of Dr. John Santamaria, MD and Dr. PS Krishnamurthy, MD on the basis that they are "acceptable medical sources with knowledge of the agency's evidentiary requirements, and their opinions are consistent with the medical evidence of record" (Tr. 817). Both doctors examined the medical record, including Plaintiff's reports of abdominal pain, and concluded that although Plaintiff suffered from medically determinable impairments, the severity and duration of Plaintiff's symptoms were disproportionate to such impairments (Tr. 886, 901, 924–25, 945). Both Dr. Santamaria (at the initial level) and Dr. Krishnamurthy (at the reconsideration level) then opined that Plaintiff could perform light work with certain limitations[1] (Tr. 886, 945). *See* 20 C.F.R. § 404.1567(b).[2] Still, as the Commissioner notes, the ALJ found Plaintiff more limited than did both doctors (Doc. 26 at 22) (Tr. 817, 885–86, 900–01, 923–25, 944–45).

---

[1] Both doctors limited Plaintiff to lifting and/or carrying 20 pounds occasionally and 10 pounds frequently (Tr. 885, 944). Additionally, both doctors found Plaintiff could stand, walk, and/or sit for 6 hours of an 8-hour workday, and Plaintiff had no limitations on her ability to push or pull (Tr. 885, 944). Both doctors also found Plaintiff could climb ropes, ladders, or scaffolding occasionally (Tr. 886, 945).

[2] The Regulations define light work as "lifting no more than 20 pounds at a time" and frequent lifting of 10 pounds or less. 20 C.F.R. § 404.1567(b). To be capable of this work, a claimant must also be able to substantially perform tasks involving "a good deal" of walking, standing or sitting. *Id.*

Besides Drs. Santamaria and Krishnamurthy's evaluations, the record is void of any other medical opinion regarding Plaintiff's physical limitations. Plaintiff testified that her main doctor, Dr. Hillary Morgan, told her to avoid lifting heavy things and to "take it easy," but did not state any specific limitations (Tr. 851). Furthermore, the record reflects that Plaintiff repeatedly told medical providers that she could perform heavy work independently (Tr. 1286, 1282, 1279, 1550, 1540, 1563, 1532, 1527, 1632). In determining Plaintiff's RFC, the ALJ did evaluate Plaintiff's subjective complaints of abdominal pain, but, because her complaints were inconsistent with the objective medical evidence in the record, decided Plaintiff was not as limited as she alleged (Tr. 817). Both Drs. Santamaria and Krishnamurthy concluded the same (Tr. 886, 901, 925, 945). Thus, the ALJ's finding of Plaintiff's RFC adequately accounts for Plaintiff's abdominal pain and is supported by substantial evidence.

## B. The Appeals Council's Evaluation of New Evidence

Plaintiff argues that the Appeals Council erred in finding new medical records about her abdominal pain not relevant to the period at issue (Doc. 26 at 23). A claimant dissatisfied with a hearing decision may request that the Appeals Council review his action. 20 C.F.R. §§ 404.967, 416.1467. When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1267 (11th Cir. 2007). Thereafter, review by a district court requires consideration of evidence not initially

submitted to the ALJ, but considered by the Appeals Council, in order to determine whether that new evidence renders the denial of benefits erroneous. *Id.* at 1258.

Plaintiff submitted evidence to the Appeals Council in the form of various medical records from South Bay Hospital dated July 13, 2018 to March 3, 2019; St. Joseph's Hospital dated October 18, 2018 to December 28, 2018; and Gracepoint dated October 11, 2018 to October 21, 2018 (Tr. 2). The Appeals Council denied Plaintiff's request for review on the basis that the newly submitted evidence "does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before July 12, 2018" (Tr. 2). In short, the Appeals Council found that the records were not chronologically relevant or material. Upon consideration, the Court finds that the Appeal Council's decision was not erroneous.

Substantial evidence supports the Appeal Council's finding that the evidence was not relevant. Evidence is "chronologically relevant, if it relates to the period on or before the date of the ALJ's hearing decision." *Washington v. Soc. Sec. Administration, Commr.*, 791 F. App'x. 871, 876 (11th Cir. 2019). "Evidence is material if a reasonable probability exists that the evidence would change the administrative result." *Hargress v. Soc. Sec. Administration, Commr.,* 883 F.3d 1302, 1309 (11th Cir. 2018). Some of the records submitted to the Appeals Council contained references to Plaintiff's medical history of chronic abdominal pain and cyclic vomiting (Tr. 475, 503, 550, 564, 587, 599, 608, 617, 660, 673, 695, 703, 719, 729, 738, 774, 790, 795).[3] However, the records do not clearly

---

[3] Some of these references appear to be automated notations carried from one medical record to another.

state the period in which such conditions occurred. For example, a hospital report from July 19, 2018, states that Plaintiff reported abdominal pain symptoms "a while back" (Tr. 501). Similarly, medical records from July 23, 2018 and July 26, 2018, indicate that Plaintiff complained of abdominal pain, vomiting, and nausea that persisted "for a while" (Tr. 534, 548). The records, however, do not state that Plaintiff's symptoms were persistent throughout the relevant period. Therefore, Plaintiff has failed to show that they are chronologically relevant.

Further, although some medical records contain clear reference to Plaintiff's complaints of abdominal pain during the relevant period, they contain no medical opinions about Plaintiff's limitations or symptoms during that time. *See Washington v. Soc. Sec. Admin., Com'r*, 806 F.3d 1317, 1322–23 (11th Cir. 2015) (finding a medical opinion based on treatment occurring after the ALJ's decision was chronologically relevant, when (1) it was based on the claimant's description of his mental health symptoms during the relevant period, (2) the evaluating psychologist had reviewed the claimant's mental health treatment records from the relevant period, and (3) there was no evidence of the claimant's mental health decline since the ALJ's decision). For example, an October 8, 2018 medical note from South Bay Hospital referenced a June 2018 psychiatrist's evaluation of Plaintiff stating that Plaintiff had a history of chronic pain syndrome, IBS, and gastritis (Tr. 658). This note, however, does not contain an opinion that determined Plaintiff's abdominal issues were more limiting during the relevant period than found by the ALJ, and was simply used to assess Plaintiff's condition after the ALJ's decision. *See Lindsey v. Comm'r of Soc. Sec.*, 741 F. App'x 705, 712 (11th Cir. 2018) (holding that newly submitted medical

records were not relevant because they only related to the claimant's treatment after the ALJ's decision and they did not change "the picture of what his symptomology was like before the ALJ's decision"). Therefore, the Appeals Council did not err in rejecting the evidence.

Further, even if the new evidence is chronologically relevant, it is not material. *See* 20 C.F.R. § 404.970(a)(5). The evidence submitted to the Appeals Council does not show "a reasonable probability" that had the ALJ considered it, the ALJ would have changed the outcome of the decision. Notably, the evidence contains the same symptoms and behaviors already considered by the ALJ and further corroborate the ALJ's reasoning in denying benefits. *See Griffin v. Comm'r of Soc. Sec.*, 723 F. App'x 855, 858 (11th Cir. 2018) (holding that new medical evidence was not material because it was consistent with the previous medical records already considered by the ALJ and would not have changed the ALJ's decision). The records revealed Plaintiff continued to complain of abdominal pain with nausea and vomiting (Tr. 473, 474, 488, 501, 514, 534, 548, 562, 574, 583, 599, 606, 615, 658, 668, 671, 684, 686, 694, 700, 711, 718, 737, 762, 773, 789). Laboratory imaging obtained after the ALJ's decision showed no cause of Plaintiff's abdominal pain, and multiple records note that her pain was inconsistent with such imaging (Tr. 480, 509, 516, 554, 592, 599, 684, 697, 700, 745, 802). The submitted evidence also reflected Plaintiff's regular use of marijuana (Tr. 475, 503, 508, 516, 531, 574, 668, 680, 684, 686, 711), and medical providers continued to suspect that marijuana could be a cause of Plaintiff's abdominal pain (Tr. 516, 580, 684, 700). Plaintiff was again counseled on the importance of stopping her marijuana use (Tr. 668, 684, 685, 700), and her medical providers also

noted Plaintiff's continued drug-seeking behaviors (Tr. 516, 578, 580, 688, 700). As a result, the denial of benefits by the Appeals Council was not erroneous.

### III. Conclusion

The Court finds that there is substantial evidence to support the ALJ's assessment of Plaintiff's subjective complaints and that the Appeals Council did not err in rejecting new evidence. Accordingly, it is hereby

**ORDERED**:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

**ORDERED** in Tampa, Florida, on July 14, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE